## HARRY M. RYAN
### v.
## EDWARD KIRCHBERG.

1. PRACTICE—FORCIBLE DETAINER—CONFESSION.—When judgment is confessed in forcible detainer under power, etc., in a lease, and the defendant enters a motion to vacate said judgment and files therewith an affidavit, if such affidavit discloses a good defense in law to the plaintiff's action, the motion should be granted, at least to the extent of giving the defendant an opportunity to interpose such defense.

2. LANDLORD AND TENANT—SURRENDER.—The taking of a new lease by parol is by operation of law a surrender of the old one, although it be by deed, provided it be a good one, and pass an interest, according to the contract and intention of the parties.

Error to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed November 4, 1885.

Mr. C. STUART BEATTIE, for plaintiff in error; as to surrender of lease, cited Livingston v. Potts, 16 John. 28; Ill. Statute of Frauds, R. S. Ch. 59, §§ 1, 2; Van Rensselaer v. Penniman, 6 Wend. 569; Wood's Landlord and Tenant, § 492.

Mr. JOHN LYLE DICKEY, for defendant in error; that verbal

Ryan v. Kirchberg.

variations of sealed instruments are unavailable, cited Hume v. Taylor, 63 Ill. 43; Chapman v. McGrew, 20 Ill. 101; Barnett v. Barnes, 73 Ill. 216.

BAILEY, P. J. In this case, a judgment in an action of forcible detainer, in favor of Edward Kirchberg against Harry M. Ryan, was entered by confession, under a warrant of attorney contained in a lease. Said lease was executed by James B. Waller to the defendant, under the hands and seals of both lessor and lessee, bearing date May 31, 1884, and demising the premises in question to the defendant, from the first day of June, 1884, to the 30th day of April, 1885, reserving rent at the rate of $30 per month, and also reserving the right on the part of the lessor, his heirs, agents or assigns, to terminate the lease at any time, by giving the lessee sixty days notice in writing of such termination. The demised premises were shortly afterward conveyed by Waller to the plaintiff, and on the 30th day of July, 1884, said Waller, by indorsement on said lease under his hand and seal, assigned the lease to the plaintiff, and the defendant thereupon duly attorned to him.

The lease contained, among other things, a covenant on the part of the lessee to surrender and deliver up said demised premises to the lessor, his heirs, executors, administrators and assigns, immediately upon the termination of said term, and that if he should thereafter remain in possession, he should be deemed guilty of a forcible detainer of the premises under the statute, and be subject to eviction and removal, forcibly or otherwise, with or without process of law. The lease also contained a warrant of attorney, empowering any attorney of any court of record, at any time after the determination of the lease, to enter the appearance of the lessee in any court of record and waive the service of process, and confess a judgment of guilty of a forcible detainer of said premises and for costs, in favor of the lessor, his heirs, executors, administrators and assigns, and release errors, etc., and to consent that a writ of restitution be immediately issued upon such judgment.

On the 1st day of May, 1885, the plaintiff caused a judgment to be entered up against the defendant, under said war-

rant of attorney, the cognovit, in accordance with said power, waiving errors and consenting to the immediate issuing of execution. On the 2d day of May, 1885, the defendant entered his motion to vacate said judgment and stay the execution of said writ of restitution, and in support of said motion read his own affidavit, in which he states, that on or about the 15th day of August, 1884, the plaintiff notified him that he had pur. chased said premises, and would desire possession thereof, under the terms of said lease, on or before October 15th then next following; that affiant accepted said notice and agreed and did accept a termination of said lease, and prepared to surrender possession of said premises; that on or about the 10th day of October, 1884, the plaintiff came to the affiant and told him that he had changed his plans in regard to said premises and would not need them for a year or perhaps more, and that the defendant then and there entered into a contract of lease of said premises, by which the plaintiff leased them to the defendant for one year from October 1, 1884, at a rental of $30 per month; that defendant paid the rent to the plaintiff under the last lease, except for the month of April, 1885, which he tendered to the plaintiff on or about April 1, 1885, and which the plaintiff refused to receive. The court overruled the defend. ant's motion, and the defendant brings the record to this court by writ of error.

The question is, whether the defendant's affidavit disclosed a good defense in law to the plaintiff's action of forcible detainer; for if it did the court should have granted his motion, at least to the extent of giving him an opportunity to interpose such defense. Walker v. Ensign, 1 Bradwell, 113. The defense is, that during the term of the lease under which the suit is brought, and when it had about seven months to run, the lessor and lessee entered into a new verbal lease running for the term of one year from that date at the same rate of rent reserved in the original lease, and that at the date of the entry of judgment, the defendant was in rightful possession of the demised premises under such verbal lease.

It is claimed, however, that the verbal lease was invalid because obnoxious to the rule that an executory contract under

seal can not be modified or varied by a parol agreement. Chapman v. McGrew, 20 Ill. 101; Hume Brothers v. Moss, 63 Id. 43; Barnett v. Barnes, 73 Id. 216; Loach v. Farnum, 90 Ill. 368. No question is made that the rule of the common law here invoked prevails in this State, but we are of the opinion that it does not apply in this case, for the reason that the taking of the new lease was not a change or modification of the old one, but that it was, by operation of law, a surrender of the old lease. Thus it is laid down in 2 Starkie on Ev. (7th Am. Ed.) 474, that "the taking of a new lease by parol is by operation of law a surrender of the old one, although it be by deed, provided it be a good one, and pass an interest according to the contract and intention of the parties, for otherwise the acceptance of it is no implied surrender of the old one."

So Taylor, in his Treatise on the Law of Landlord and Tenant, § 512, says: "The acceptance, by the tenant, of a new lease of the same premises, during the period of the first lease, will be deemed to be a virtual surrender of the former lease." See also, Wood on Landlord and Tenant, § 492; Coe v. Hobby, 72 N. Y. 141.

It can not be said that the parol lease was invalid, either as contravening the Statute of Frauds, or as being without consideration. It was made on the 10th of October, 1884, and was to run for the term of one year from the 1st day of that month, and so was neither an agreement that was "not to be performed within the space of one year from the making thereof," nor was it "a contract for the sale of any lands, etc., or any interest in or concerning them, for a longer term than one year." The consideration was the rent to be paid for the full term of one year. It then being a valid lease, entered into between the parties, while the former lease was in force, such former lease became, by operation of law, surrendered, and the defendant, at the time of the entry of judgment, was rightfully in possession under the parol lease, and not guilty of a forcible detainer of the premises.

In our view, then, the affidavit stated facts which, if true, constituted a complete defense to the action, and the defend-

ant therefore should have been given an opportunity of presenting such defense and establishing it by evidence.

For the error in overruling the defendant's motion, the judgment will be reversed and the cause remanded.

.Judgment reversed.