## JOSEPH F. NACHBOUR ET AL.
### v.
## DAVID WIENER.

*Landlord and Tenant—Written Lease for Term of Years—Verbal Contract for Improvement of Premises and Payment of Increased Rent—Attempt of Tenant to Surrender Room Added to Original Space—Statute of Frauds.*

Where there was a written lease for a term of years between a landlord and his tenants, and in pursuance of a subsequent verbal agreement the landlord added to and improved the premises, for which the tenants verbally agreed to pay an increased rent, this court holds (the tenants claiming to have vacated the added space, and that their verbal agreement was void under the statute of frauds) that under the circumstances the additional space had not been, and could not be, without the surrender of the entire premises, surrendered to the landlord, and that the tenants were liable to the landlord in an action for use and occupation, without regard to the statute of frauds.

[Opinion filed December 16, 1889.]

APPEAL from the Circuit Court of Will County; the Hon. CHARLES BLANCHARD, Judge, presiding.

Mr. C. W. BROWN, for appellants.

Messrs. HALEY & O'DONNELL, for appellee.

C. B. SMITH, J.    This was a suit in assumpsit brought to the January term of the Will County Circuit Court, and was brought for the purpose of recovering one month's rent for a

certain store building, which appellants had before that time rented of appellee. A jury was waived and the case tried by the court, by agreement, under a stipulation, to the effect that all formal pleadings should be waived, and that both parties should be at liberty to offer any proof that would or could be admissible under formal pleadings, appropriate to the nature of the controversy, and no question arises on the pleadings.

The suit was to recover the rent claimed to be due for the month of December, amounting to $125. A trial resulted in the court giving the plaintiff a judgment for the full amount of his claim. A motion for a new trial was overruled, and now appellants bring the case here on appeal and ask for a reversal of the judgment. The usual errors are assigned. A somewhat extensive statement of the facts involved is necessary to a correct understanding of the case, and about what are the facts there seems to be little or no dispute.

Appellants were merchants, doing a large retail business in the city of Joliet, at 223 Jefferson street, one of the principal business streets in the city. They had occupied this place for a number of years as the tenant of Henry Fish. It appears also that appellants occupied in conjunction with this Fish room another room, known as the Claflin room or store, and that these two store-rooms were connected by an opening or archway between them, so as to throw them together and make one store-room of the two buildings.

On the 11th day of June, 1884, appellants obtained a new lease from Fish for the first floor and basement for five years, at an annual rental of $1,050, payable monthly, at the rate of $87.50 per month, in advance. In May, 1887, appellee purchased these premises from Fish and took an assignment of the lease, and thereafter appellants paid rent to appellee under the lease. After appellee became the owner of the premises, appellants desired appellee to enlarge his building, so as to give them more room. The room already occupied was 105 feet deep by twenty-two wide. The lot was twenty-seven feet longer than the building. The second story only extended back sixty feet. It was agreed among the parties that if appellee would extend his entire building, both first and second stories, to the alley, that appellants would occupy

Nachbour v. Wiener.

it for the full unexpired term of the lease, and pay him an additional rent of $37.50 per month. This appellee proceeded to do, and extended the lower story twenty-seven feet to the alley, and the upper story seventy-two feet to the alley, and in December, 1887, appellants took possession of this new part. The rear end of the old building was removed so as to make the lower room all one room. There was a stairway leading from the rear end of this new room below to the second story. The upper story was lighted by a skylight. There was also a stairway leading from the front part and between the two buildings occupied by the store, up to the second floor of both buildings. There was also a door out of the lower story of the new extension into the alley. In addition to these added rooms appellee raised the ceiling of the old room and put a skylight in the second floor with a railing about it, and in other ways much improved the old room. After these additions to the building were completed as agreed upon appellants occupied the whole of it, and there after paid $125 per month, until in October, 1888, when, instead of paying the $125 per month they tendered appellee $87.50 per month, the agreed price under the old lease. In September, 1888, appellants spoke to appellee about renewing the lease when it should expire in 1890, and desired to renew it at the same rental, which was then amounting to about $1,500 per year; appellee replied that he was willing to renew the lease, but must have $2,400 per year rent. Appellants replied that it was too much, and that they were then paying enough, and further that they were offered fine quarters in another building, just being completed, at satisfactory rents, and that unless appellee would consent to renew the lease at the same rent they would go into the other building at the expiration of the lease.

Appellants said, " Very well, if you won't take any less we can't rent it," and appellee replied, " Any time you don't want it I will take it off from your hands ; all I want is a week's notice."

Thereupon appellants, without any notice of any kind to appellee, disposed of that half of their store room known as the Claflin store, on the same or next day after the refusal of

appellee to renew the lease at $1,500 per year. Within two or three days thereafter appellee came again to appellants' store and asked if they would let him have the Claflin room also with his own, if he should relieve them of the lease, when appellants then replied that they could not do it, as it was already rented. Appellee refused then to accept the one-half of the store occupied by appellant, and refused to release them from their lease, insisting that his proposition to release them was upon the basis of his (appellee) getting both rooms. On the first of October following appellants removed all their goods out of the new part of the building, both upstairs and down, and nailed up a board partition between the old and new part of the lower story, at the point where the old end wall had been taken out, leaving the size of one room the same as it was before the new extension had been erected. When this partition wall was nailed up no door was left or made between the rooms. Before the first day of October, 1888, appellants then tendered appellee $87.50 for the rent of the old room, and offered him the keys to the new room for the alley door, both of which appellee refused, demanding the full amount of his rent. Appellants did not offer to surrender the front part of the store, but have kept it and removed all their goods to their new store, and have kept the front part of appellee's building locked up.

They now insist on a severance of the lease and a division of the rooms, leaving the old rooms as they were under the original lease ; and as to the new part of the store and to the new renting they set up and rely on the statute of frauds.

Appellee predicates his right to recover on the lease, and the new parol arrangement to pay an additional rent, in consideration of these improvements, made at their request. As to these improvements and the additional rent to be paid they all rest in parol. There was no writing whatever relating to them separately. Appellants rely upon the statute of frauds, and insist that inasmuch as the new arrangement for the enlargement of the building and the increased rent to be paid therefor was to extend for a greater length of time than one year, that therefore the new contract was void and can not be enforced in a court of law.

It will be seen that the stipulation entered into by the parties is very broad and permits the plaintiff to recover for any kind of a cause of action and under any kind of a declaration which might be framed under the facts shown in the evidence and allows the defendant to offer any kind of appropriate defense without pleas.

The declaration is not set out in the abstract and whether it is framed under the lease and parol arrangement or whether it is a simple declaration to recover for use and occupation we can not tell; but however that may be we may treat it under the stipulation as a mere suit to recover for use and occupation from month to month. Were appellants, then, in possession of this new part of the building in December, the month for which this suit is brought to recover, so as to make them liable for use and occupation?

Appellants concede they were occupying the old part and as to appellee's right to recover the $87.50, there is no question.

We think appellants did not surrender the possession nor offer the full possession of the new part of the building. The changes made in the building at the request of appellant made it entirely a new and different room from the one they rented and they have no power or authority under their lease or otherwise to destroy the unity or identity of this room afterward, building up a partition wall in the room and thus making or attempting to make a new and independent store-room in the rear part of the building, with no access to it except from the alley, and thus compel appellee to accept a valuable portion of his building which he had built at large expense, without any entrance for the public. After the building was so enlarged it became a single room with its door and entrance on the public street and appellee has a right to have it remain in that shape for whoever occupied it. He had a right to have the front door for the use of the entire room and not a mere fraction of it. Appellants retained the front part of the room after they had so attempted to divide, and locked it up and kept the keys, and thus absolutely excluded appellee from the usual mode of entrance, not only to the new part below but from the means of entering the upper floor from

the lower room.   It is utterly absurd to say that a tenant may lock up the door of a valuable mercantile building, with the exception of some hole in the wall, in a back alley, put in partition, without any pretense of authority or right, put the keys in his pocket and thus exclude the owner from all possession of any value, and make it impossible for the owner to either use or rent the building, and then insist that he had surrendered the possession and is not liable for the rent.

Such a claim is as wanting in any foundation in law as it is in reason or justice.   The proof shows that appellants were still in possession of this entire building under an arrangement to pay rent each month in advance, and it is a matter, therefore, of no importance, whether the new arrangement entered into by appellant to extend the building for an increased rent beyond the term of one year was within or without the statute of frauds.   So long as they occupied the room and excluded appellee from all beneficial use of it, and locked the door and kept the keys, they must pay rent.   This is the law as expressly held by the Supreme Court in Warner v. Hale, 67 Ill. 595, one of the cases cited by appellants in their own favor.   The case is directly in point against them. In that case the court used this language: ' " The agreement being void, what remedy has the owner?   He has none under the contract, that is certain; but for use and occupation of the premises for the time they were occupied his remedy is ample."   Upon another view the defendants are liable.   The repairs made upon the building and for which an increased rent was to be paid, were in part made in the old room, which consisted in putting in a skylight, and making some other general improvements which improved the appearance as well as the value of the old room, and when the defendants pretended to surrender that portion of the room or work for which additional rent was paid, they still retained a part of these improvements in their possession in the old room. When the additions were completed and the repairs made the old building lost its identity and became merged in a new building with new and enlarged rooms, which were wholly indivisible for the purpose for which the building was erected and enlarged.   The new arrangement was, in effect, a new

leasing upon the basis of the old lease, upon an increased rental in consideration of the improved character of the building. The taking of a new lease by parol is by operation of law a surrender of the old one, although it be by deed and valid to pass an interest according to the intent of the parties. 2 Starkie on Ev., 7th Am. Ed. 474; Taylor, Landlord & Tenant, Sec. 422; Case v. Hobly, 72 N. Y. 141; Ryan v. Kirchberg, 17 Ill. App. 132. The defendants not having tendered full possession after giving the notice required by law, the lease is still in force. The new oral leasing began December 1, 1887, and was good for a year certainly, and continued until December 1, 1888. Appellant after one year's tenancy was sued for rent, and then having entered his second year's tenancy with permission of his landlord, would be compelled to give the notice required of a tenant from year to year, which he became by holding over, and which notice he failed to give.

Complaint is made that the court erred in refusing to hold as law a large number of legal propositions submitted by appellants on the trial. All of their propositions refused by the court proceed on the false assumption of fact that appellants had vacated the building and given up possession to appellee, which we have seen was not true, and the court properly refused them. Another infirmity of some of these propositions was that they proceeded on the assumption that a tenant from month to month (and appellants insist that such leasing as to the new part was from month to month if at all) can be terminated without any notice, which is not the law. Prickett v. Ritter, 16 Ill. 96; Eberlin v. Abel, 10 Ill. App. 625. Several of the propositions were substantially duplicates of others held or refused.

The view we have taken of the case makes a consideration of the question of the statute of frauds, raised and argued by the counsel for appellants, unnecessary, and as a correct disposition of the case does not depend upon that question, and inasmuch as it does not necessarily arise, we express no opinion upon it. Finding no error in the record the judgment is affirmed.

*Judgment affirmed.*