## CHARLES E. FELTON AND ARTHUR D. RICH
### v.
## HENRY STRONG.

*Landlord and Tenant—Lien for Rent—Re-entry.*

1. A new lease made with full knowledge of the prior default of the same lessee in the payment of rent, amounts to a waiver of the right to re-enter for such default.

2. A landlord has no lien for rent upon property of his tenant, other than crops.

3. A condition in a lease providing that the lessor shall have a valid and first lien upon property of the lessee for rent refers to property owned at the time of the making thereof. To reach subsequently acquired property the instrument must identify the same.

[Opinion filed June 30, 1890.]

APPEAL from the County Court of Cook County; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Messrs. JOHN J. KNICKERBOCKER and CRATTY BROS. & ASHCRAFT, for appellants.

Mr. THEODORE SHELDON, for appellee.

GARNETT, J. The question in this case relates to the appellee's supposed landlord's lien on the personal property of his tenant. On April 12, 1888, appellee made a lease to the Western Arms & Cartridge Company, of a part of the buildings, numbered 47 and 49 State street, Chicago, and on June 15, 1888, another lease to the company of a different part of the same buildings, both leases terminating April 30, 1889. When those leases expired there was $1,867.29 arrears of rent due thereon. On May 1, 1889, appellee made to the company another lease of the entire buildings for a term of five years. The lessee became insolvent, and on May 21, 1889, executed to Charles E. Felton, as assignee, a deed of assignment for the benefit of creditors. On May 18, 1889, Arthur

D. Rich obtained a judgment against the company for $63,050, and an execution issued thereon was on the same day levied on the personal property of the judgment debtor in Chicago. The property levied on was turned over to the assignee, on condition that the judgment be first paid out of any money coming to the assignee's hands, and the condition was approved by an order of the County Court. The assets, having all been disposed of (except the leasehold), and the proceeds being insufficient to pay the judgment, appellee, by his petition, claimed a preference by virtue of what is said to be a landlord's lien on the personal property of the tenant. On October 31, 1889, an order of the County Court was entered, reciting that appellee represented to the court that his right to distrain would expire November 1, 1889, and directed that the question concerning the liability of the assignee for arrears of rent should be thereinafter adjudicated, precisely as though the landlord had that day levied his distress warrant on the goods of the lessee.

The court sustained appellee's petition, and ordered the assignee to pay him $728.92, as rent due on the five years term, and $1,867.29, as rent due on the first two leases. The statute of this State only provides for a landlord's lien on crops.

O'Hara v. Jones, 46 Ill. 288, treats this supposed lien as a question of common law growth, but, at the same time, the opinion refers to the landlord's right as a statutory lien. That case has never been directly approved, although the reference to it, without challenging its authority, in Hadden v. Knickerbocker, 70 Ill. 677, might have the appearance of strengthening its claims to recognition. The doctrine of O'Hara v. Jones has caused no little dissatisfaction in the profession, judicial notice of which was taken in Eames v. Mayo, 6 Ill. App. 339.

Certainly Penny v. Little, 3 Scam. 301, is no authority for a landlord's lien, nor is Taylor on Landlord and Tenant, Sec. 365. Taylor, in Sec. 424, and notes, treats of a lien in favor of a landlord created by statute, or agreement of the parties, but makes no allusion to a common law lien. And Kent says

(Vol. 3, p. 481): "In order to give further and effectual security to the rent of the landlord, where the rent is certain, the statute of 8 Anne, Ch. 14, declared (and that provision has been very generally re-enacted in this country) that no goods of a tenant, or of any other person being on the premises and liable to distress, can be taken on an execution at the instance of a creditor until arrears of rent due at the time, and not exceeding one year, be previously deducted." He, however, is evidently oblivious to the existence of any such lien at common law. Neither Blackstone nor Comyn's Digest give any information of such a lien.

The opinion in the O'Hara case does not allude to Rogers v. Dickey, 1 Gilm. 636, although the two cases seem to be in hopeless conflict. Morgan v. Campbell, 22 Wall. 381, has a careful review of Rogers v. Dickey, O'Hara v. Jones and Hadden v. Knickerbocker, and the doctrine of the O'Hara case is there disapproved.

In the opinion of Davis, J., in Morgan v. Campbell, it is said : " At common law, the landlord could distrain any goods found upon the premises at the time of the taking, but he had no lien until he had made his right active by actual seizure.  * * *  It is difficult to see why the tenant subject to this dormant right of the landlord, is not as much the owner of his effects as any other person would be who owned property and owed debts."

But whatever uncertainty may have attended the question in this State, it is finally set at rest by Herron v. Gill, 112 Ill. 247, where it is held that "at common law, before the adoption of the statute of 8th Anne, Ch. 14, the landlord had no lien of any kind, but only a right to distrain;" that " the present statute, by giving the landlord a lien only upon crops growing or grown, by implication excludes the idea of a lien on any other property of the tenant."

The leases in question provided for a lien upon all property of the lessee to secure payment of the rent. That stipulation, however, is of no avail to appellee, and for the same reasons that a similar clause was held ineffectual to give a lien in Borden v. Croak, 33 Ill. App. 389.

The right of re-entry, which appellee might have exercised for non-payment of the rent specified in those two leases, could not continue after the lapse of the terms and a new term granted by the last lease. The new lease was made with full knowledge of the prior default, and was a solemn agreement that the lessee should continue to occupy and enjoy the premises for the new term. No more conclusive waiver of the right of re-entry could be imagined.

The order of the County Court is reversed with directions to enter an order for the payment of $728.92 rent on the lease, dated May 1, 1889, and denying the prayer of the petition in all other respects.

*Reversed and remanded with directions.*