Elisha W. Willard v. John G. Rogers, as Assignee of the World's Fair Encampment, Insolvent.

1. LEASE—*Covenants Attach to Assigns.*—A person took to himself a lease of premises, for the purpose of erecting buildings thereon, containing covenants by which the rent to accrue was made a lien upon buildings and improvements that might be placed upon the premises, to yield possession at the end of the term " in as good condition as when entered upon," and also "not to remove any buildings or other improvements from said premises *before the expiration of the lease,* without written consent of " the lessor, organized a corporation which erected a hotel upon the leased premises. It was held. that the covenants of the lease applied to the corporation, and to the extent of its right in the premises attached to the buildings thereon.

2. LANDLORD AND TENANT—*Persons Holding by License of the Tenant —Subject to the Landlord's Rights.*—A tenant can not grant a privilege to erect buildings not subject to the lien for rent, which he could not himself exercise.

Memorandum.—Assignment for the benefit of creditors. Appeal from the County Court of Cook County; the Hon. FRANK SCALES, Judge, presiding. Heard in this court at the March term, 1894. Reversed and remanded with directions. Opinion filed April 19, 1894.

The opinion states the case.

GEO. WILLARD and L. & P. TRUMBULL, attorneys for appellant.

W. R. BURLEIGH, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

November 11, 1892, the appellant demised to Edward C. Kemble some twelve acres of ground for the period of eleven months, " to be used for the lodging and boarding of visitors to the World's Fair, and all purposes incident to such boarding and lodging of visitors."

The lease contained on the part of the lessee, a long covenant in the same words as appear on pages 175 and 176 of Webster v. Nichols, 104 Ill. 160, by which the rent to accrue was made a lien upon buildings and improvements that ·

might be placed upon the premises. Also a covenant to yield possession at the end of the term " in as good condition as when the same were entered upon," and also " not to remove any buildings or other improvements from said premises *before the expiration of this lease*, without written consent of" the lessor. The italicized words are interlined in the printed blank used.

Soon afterward the "World's Fair Encampment" was incorporated. Kemble was a promoter of the corporation, took nearly nine-tenths of the stock—was its secretary and treasurer—and he and one other stockholder, holding one-tenth of the stock, were practically sole managers of its affairs.

The lease was taken by Kemble for the benefit of the corporation, which proceeded to erect the " Hotel Fraternity " upon the premises at an expense of $55,000.

On the third day of July, 1893, both Kemble and the corporation made assignments for the benefit of their creditors, and the appellee is administering their respective assets under the direction of the County Court. Upwards of $6,000 of rent unpaid is due to the appellant.

It is not necessary to go into detail as to various petitions which have been filed in the County Court.

October 14, 1893, by the consent of all parties in interest, a decree was entered in the County Court, providing for the payment of the appellant by the appellee, which was never complied with for lack of funds, which decree closed with the sentence:

" And it is further ordered and decreed that upon such payment the lien of said Elisha W. Willard upon said hotel and appurtenances shall cease and determine, and at the expiration of the term of said lease from said Willard to said Kemble said hotel may be sold or removed by said assignee."

That decree was entered upon a petition of the appellee, which contained an allegation that the lease was taken by Kemble for the benefit of the corporation, and the consent decree having been entered upon that petition, the appellee can not now question the truth of the allegation; and considering all the circumstances, its truth is apparent.

We assume as both parties assume, that under the lease, the tenant may remove the buildings and improvements. May the appellee remove them without paying the rent, or rather may he sell them to a purchaser who may remove them, and the proceeds be applied by the appellee to the payment of debts, without preference to the appellant, is the question between the parties. The record shows many transactions, in some of which other parties were concerned, which I have not recited, but the respective rights of these parties depend upon the facts stated.

The building, being erected by the corporation, which had no estate in the land, must be considered as being erected under a license from Kemble. He could not grant a privilege to erect buildings not subject to the lien for rent, which he could not himself exercise. Ogden v. Stock, 35 Ill. 527.

And even if it was to be conjectured that the corporation had an under lease of some sort from Kemble, still the lien would attach, as the corporation, to the extent of its right in the premises, would be an assign. Ball v. Chadwick, 46 Ill. 28.

On the final hearing the County Court entered a decree, two sentences of which are: "The court doth therefore order, adjudge and decree that the prayer of the cross-petitioner, Elisha W. Willard, for a lien on the property mentioned in said petition, or any property of said insolvent, or for a priority or preference to be paid him out of the money arising from said sale for the amount due him for the rent of said premises, or for the right to bid at the sale of said property, and have said bid, if accepted, credited on account of the rent thereof, be and the same are hereby denied.

It is further ordered, adjudged and decreed that said John G. Rogers, assignee, be and he is hereby authorized and directed to advertise for the period of three weeks for the sale of said Hotel Fraternity, together with the appurtenances, including all water pipes, water closets, bath tubs, fixtures and connections, and the steam engine, boiler, pipes, fixtures, burners and connections, at public auction, to the highest bidder, for cash."

So much of that decree as directs a sale is affirmed, but the part denying relief to the appellant is reversed.

This case is not, in principle, distinguishable from Webster v. Nichols, 104 Ill. 160. That case is cited in First Nat. Bk. v. Adam, 138 Ill. 483, with apparent approval, and must be held to govern this.

As to any lien upon chattels not attached to the realty, while it is faintly claimed by the appellant, there is so little ground for it, that it is enough to say that none exists. Liens upon crops under agricultural leases are foreign to this discussion.

As before said, so much of the decree as directs a sale is affirmed; that part of the decree which denied relief to the appellant, as well as the findings of the court that he is not entitled to a lien, or priority of payment, or preference, is reversed, and the cause remanded with directions to award him the relief so denied.

The costs are to be paid by the appellee in due course of administration of the assets of the World's Fair Encampment.