# Elisha Willard, v. The World's Fair Encampment Co., Insolvent, John G. Rogers, Assignee, Albert E. Gamet and Alice E. Gamet.

1. LANDLORD AND TENANT—*Lien upon Subsequently Acquired Property.*—The provisions of a lease giving a lien to the landlord upon all the goods and chattels of the lessee do not apply to subsequently acquired property not identified or specified in the lease.

2. SAME—*Liens Not to be Extended.*—A landlord has no lien upon the furniture of the lessee under the provisions of a lease giving a lien upon any and all buildings and improvements on or put upon the premises by the lessee.

3. ASSIGNMENTS FOR THE BENEFIT OF CREDITORS—*Obligations to Pay Rent.*—An insolvent assignor can not avoid an obligation created by a lease to pay rent, but the assignee can at any time rid himself of the right of the landlord to demand payment as a part of the expense of administration of a reasonable sum for the use and occupation of the leased premises. To do this he has but to surrender the premises to the landlord.

4. SAME—*Contracts Between Assignee and Creditors—Consent Decrees.*—When an assignee obtains possession of valuable property by means of an arrangement between himself and the creditors of the insolvent, which is approved by the court and entered as a consent decree, such decree will be binding upon all parties to it, and the administration of the estate must proceed according to its provisions.

5. SAME—*Labor Claimants.*—Labor claimants are entitled to a preference over other creditors in the distribution of the assets of an insolvent.

6. SAME—*Use and Occupation of Premises by Assignee.*—When the assignee of an insolvent continues to occupy the premises occupied by the assignor, the landlord will be entitled to be paid as a part of the expense of the insolvency proceeding, a reasonable amount for the use and occupation of the premises.

7. ATTORNEYS' FEES—*Provisions for, in Leases—No Preference Under Assignments for the Benefit of Creditors.*—Under the provisions of a lease authorizing the lessor to make a sale of property in case of a default in the payment of the rent, and out of the proceeds arising from such sale, after first paying all costs and expenses of such sale, including commissions and attorneys' fees, to retain to himself the whole amount due on said lease, up to the date of said sale, rendering the surplus (if any) to defaulting lessee, the lessee having made an assignment for the benefit of his creditors, *it was held,* that if the proceeds of a sale exceeded the amount' of the rent, the landlord might have been entitled out of such proceeds to his reasonable attorneys' fees in enforcing the covenants of the lease, but having received on account of rent the entire proceeds of the sale, he had, for what might

Willard v. World's Fair Encampment Co.

be due him on account of attorneys' fees, no claim save as a general creditor.

8.  ASSIGNEE—*Will be Sustained if He Does the Best He Can.*—Where an assignee was charged with the duty of operating a hotel and confronted with the alternative of turning his guests out of doors or complying with an improper demand for pay by his help as a condition of their remaining, did the best he could, and as he thought best, the action of the court in approving his course is sustained.

**Assignment for the Benefit of Creditors.**—Appeal from the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding. Heard in this court at the March term, 1895. Reversed and remanded. Opinion filed June 24, 1895.

*The " distress clause " of the lease in question :*

It is expressly understood and agreed by and between the parties aforesaid, that if the rent above reserved, or any part thereof, shall be behind or unpaid ten days after the day of payment, whereon it ought to be paid, as aforesaid, or if default shall be made in any of the covenants herein contained to be kept by the party of the second part, his executors, administrators, or assigns, it shall or may be lawful for the party of the first part, or his heirs, executors, administrators, agent, attorney, or assigns, at their election, to declare said term ended, and into the said demised premises, or any part thereof, either with or without process of law, to re-enter, and the party of the second part, or any other person or persons occupying, in or upon the same, to expel, remove and put out, using such force as may be necessary in so doing, and the said premises again to repossess and enjoy, as in his first and former estate; and to distrain for any rent that may be due thereon, upon any property belonging to the party of the second part, whether the same be exempt from execution and distress by law or not; and the party of the second part, in that case, hereby waives all legal rights which he now has, or may have, to hold or retain any such property under any exemption laws now in force in this State, or in any other way; meaning and intending hereby to give the party of the first part, his heirs, executors, administrators, agent, attorney or assigns, a valid and first lien upon any and all the goods, chattels or other property belonging to the party of the second part, as security for the payment of said rent, in manner aforesaid, anything hereinbefore contained to the contrary notwithstanding.

GEORGE WILLARD, attorney for appellant.

WM. R. BURLEIGH, attorney for John G. Rogers, appellee.

J. A. SLEEPER and JAMES J. BARBOUR, attorney for Albert E. Gamet and Alice E. Gamet, appellees.

JOSEPH H. FITCH, attorney for Wages Claimants, appellees.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This is another appeal to this court, arising out of insolvency proceedings under the assignment of the World's Fair Encampment Company. The course of affairs up to the taking of a former appeal is stated in Willard v. Rogers, 54 Ill. App. 583, to which reference is here made.

It now appears that under the direction of this court to the County Court, the hotel building was sold at auction, appellant becoming the purchaser thereof for the sum of $2,435, which amount was allowed to appellant in reduction of his claim for rent, leaving over $3,000 of the accrued rent unpaid.

By a decree rendered upon the filing of a final account by the assignee, John G. Rogers, it appears that there is in his hands $2,378; from the decree containing an order of distribution of which, made February 11, 1895, this appeal is prosecuted.

We are of the opinion that all parties thereto are bound by the consent decree entered October 14, 1893; that appellant did not have, under his lease, a lien upon the furniture in the hotel building at the time of the sale of such furniture.

It does not appear that the furniture was in the hotel when the lease was made; the provisions of the lease, under the distress clause, giving a lien to the landlord upon all the goods and chattels of the lease, do not apply to subsequently acquired property not identified or specified in the lease. Borden v. Croak, 33 Ill. App. 389; Same v. Same, 131 Ill. 68; First National Bank of Joliet v. Adams, 138 Ill. 483.

Nor had appellant a lien upon the furniture under the provision of the lease giving a lien upon any and all buildings and improvements on or put upon the premises.

Although the lease describes the property as " to be used for lodging and boarding visitors to the World's Fair,"

beds, bedding, tables, etc., no more under the terms of the lease constitute " improvements " than do potatoes, meat, bread and butter; each was necessary to a " going " hotel and to the lodging and boarding of visitors to the World's Fair.

December 1, 1893, the assignee was in possession of the premises leased by appellant.

The assignor could not avoid the obligation created by said lease to pay rent, but the assignee could at any time rid himself of the right of appellant to demand payment of a reasonable sum for the use and occupation of the leased premises as a part of the expense of administration; to do this he had but to surrender such premises to appellant; this he did not do, but held on to them until after the sale of the hotel.

Appellant is entitled to be paid as a part of the expense of the insolvency proceedings a reasonable rent for the use and occupation of the premises after December 1, 1893. Nachbour v. Weiner, 34 Ill. App. 237; Burnham v. Martin, 90 Ill. 433; Spencer v. World's Columbian Exposition, Ill. App., opinion filed May 16, 1895; White v. More, 54 Ill App. 606; Smith v. Goodman, 149 Ill. 75.

Appellant is not entitled as a preferred creditor to an allowance for reasonable attorney's fees, and costs by him disbursed in enforcing the covenants of his lease.

If the proceeds of the sale of the hotel had exceeded the amount of his rent, he might have been entitled out of such proceeds to his reasonable attorneys' fees and expenses in enforcing the covenants of the lease; there being a provision in the lease to that effect; but having received on account of rent the entire proceeds of the sale of the hotel, he has, for what may be due him from the lessee for attorneys' fees, no claim save as a general creditor.

Appellant claims that he is entitled under the decree of October 14, 1893, to $1,775, which, he alleges, is the surplus derived by the assignee from the operation of the hotel, but which was by him diverted to other uses.

We do not think that the record here presented shows

that there was any surplus derived by the assignee from the operation of the hotel. On the contrary the hotel appears to have been operated by the assignee at a loss.

It is perhaps the case that the help, laborers in the hotel, as a condition of remaining, demanded to be paid that which the assignee did not owe them; but the assignee, confronted with the alternative of turning his guests out of doors or complying with an improper demand, did the best he could, acted as he thought best, and as the court has approved.

Doubtless the assignee was then compelled against his will and the law, but we can not say that he did not act as a prudent man should have done, or that appellant would have fared better had the assignee refused to pay the unjust demand.

The assignee obtained possession of the hotel furniture and fixtures thereof by virtue of the consent decree of October 14, 1893; whatever, therefore, he, by the terms of said decree, was to pay, is a charge upon the insolvent estate in the nature of expense of administration. The note of Albert E. Gamet to the Commercial National Bank, originally drawn for $2,500, the note to D. H. Tolman, and the notes to the Calumet National Bank, should have been paid by the assignee, and if the Gamets or either of them have paid since said decree of October 14, 1893, anything thereon, such payment having been necessitated by the default of the assignee in paying the same, said Gamets or either of them should be paid out of the fund applicable to the payment of expenses of administration.

If there were any profits to the estate in conducting the hotel, Albert E. and Alice E. Gamet should be paid the sum of $1,500 as a part of the expense of administration.

Under the decree of October 14, 1893, Albert and Alice E. Gamet were to surrender to the assignee the hotel, its furniture and contents, and account to the assignee for receipts and disbursements by them theretofore made in the conduct of said hotel, and pay over any balance received by them above the ordinary, legitimate running expenses of said hotel and the sum of $3,500, paid to Willard on ac-

count of rent; said $3,500 the Gamets are therefore entitled to deduct from any such balance in their hands.

The labor claimants, represented by Joseph J. Pitch, Esquire, do not appear to have been parties to the consent to the decree of October 14, 1893. They are therefore entitled to a preference over other creditors in the payment to creditors of the insolvent.

The sums agreed to be paid by the consent of October 14, 1893, became expenses of administration because that was a bargain made by the assignee, approved by the court, by which the insolvent estate obtained valuable property; it is the consent that binds the estate; the effect of the decree is merely that of approval.

All expenses of administration, including what has before been mentioned as being such, must be paid, before there will be anything to distribute to creditors of the insolvent; if there is anything for such creditors, the labor claimants are entitled to a preference over other general creditors.

The County Court had no power, in the decree here appealed from, to adjust accounts or determine the rights of any of the respective claimants save as against the assignee and the insolvent estate, and his and its claims against parties to such decree.

It could not adjudge that the Gamets were released from any liability to Willard or he to them.

The decree of the Circuit Court is reversed and the cause remanded for further proceedings not inconsistent with this opinion. Reversed and remanded.