## Eugene A. Hughes et al. v. Ella M. Bell.

1. HUSBAND AND WIFE.—*The Wife as Preferred Creditor.*—The fact that the husband is in debt more than he can pay, does not prevent him from giving a preference to his wife as one of his creditors.

2. SAME—*Transfers of Property.*—Under Section 9, Chapter 68, R. S., entitled "Husband and Wife," providing that where the husband and wife are living together, no transfer or conveyance between them is valid, etc., unless in writing, and acknowledged and recorded in the same manner as chattel mortgages, no change of possession is necessary.

3. SAME—*Possession When Living Together.*—When a husband and wife are living together, no visible change of possession of property can be made upon a transfer between them.

4. LIENS—*Reserved in a Lease.*—An attempt to create a lien upon the goods of a tenant, by a stipulation in a lease to secure the payment of rent, as against a bill of sale of the property legally executed, is a failure.

Replevin.—Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed January 22, 1896.

ELA, GROVER & GRAVES, attorneys for appellants, contended that retention of possession of personal property by debtor, is conclusive evidence of fraud. Thompson v. Yeck, 21 Ill. 73; Rozier v. Williams, 92 Ill. 187.

Settlement upon wife or child by voluntary conveyance without consideration, where grantor is insolvent or where he is largely indebted and fails to retain property which proves sufficient to discharge debts, can not be sustained. Crawford v. Logan, 97 Ill. 396.

A voluntary conveyance made by debtor in embarrassed circumstances, is constructively fraudulent and will be set aside at the instance of creditor without proof of actual fraud.   Bohannon v. Courts, 79 Mo. 305.

A voluntary post-nuptial conveyance or settlement upon the wife will be set aside at instance of pre-existing creditors of grantor, if he does not retain sufficient and ample means to discharge his indebtedness.   Otis, Receiver, v. Spencer, 102 Ill. 622.

Transactions between husband and wife, between whom there exists a strong natural motive to provide for each other, at the expense of creditors, when sought to be impeached as fraudulent, require less proof to show fraud, and on the other hand, when a *prima facie* case is made, much stronger proof to show fair dealing than would be required if the transaction were between strangers.   Livey v. Winton (W. Va.), 4 S. E. Rep. 451.

A transaction with a near relative is open to more suspicion than with a stranger because it is more likely to be intended not as a real transaction, but as a feigned and collusive arrangement by which it is secretly understood that the donee shall hold the property against the claims of creditors, and let the debtor receive benefit from it.   Rudershausen v. Atwood, 19 Ill. App. 58.

In the Federal courts, and in some of the States, an absolute bill of sale unaccompanied by corresponding change in possession is of itself a fraud in law.   Newmark on Sales, 361; Lefever v. Mires, 81 Ill. 456; Ticknor v. McClelland, 84 Ill. 471; Rozier v. Williams, 92 Ill. 187.

Lee & Lee and P. B. Coolidge, attorneys for appellee, contended that among creditors equally meritorious, a debtor may conscientiously prefer one to another and it can make no difference that the preferred creditor is his own wife.   Magmac v. Thompson, 7 Pet. (U. S.) 348; McMannus v. Mills, 19 App. 398; McQuown v. Law, 18 App. 24.

Wife who has loaned money to her husband stands precisely like any other creditor of the husband.   Rudershausen v. Atwood, 19 Ill. App. 58.

In an action of trover to recover the value of certain fixtures loaned by the wife to her husband, it was held that the placing of said property in the hands of her husband to use in his trade did not subject it to the payment of his debts. Mink v. Crilly, 22 Ill. App. 542.

A condition in a lease, providing that the lessor shall have a valid and first lien upon the property of the lessor for rent, does not include subsequently acquired property, and such clause is void for uncertainty if it fails to identify the property. Borden v. Croak, 33 Ill. App. 389; Felton v. Strong, 37 Ill. App. 60; Bispham's Principles of Equity, 217; Jones on Chattel Mortgages, Sec. 172a; Morrill v. Noyes, 58 Md. 458; Lazarus v. Andrade, 5 Com. Pl. Div. 318.

A landlord has no lien by virtue of the statutes of Illinois upon property of the tenant, other than growing crops. He has simply the right to distrain; and no lien is created until the actual levy of the distress warrant. Herron v. Gill, 112 Ill. 251.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This case illustrates the prudence of requiring that the pecuniary engagements of a married man shall be joined in by his wife. The appellants demised to the husband of appellee for the year 1893—the World's Fair year—a hotel for the gross rent of $7,200, payable in installments. He furnished the hotel, partly on credit, secured by chattel mortgage.

June 28, 1893, he then owing $2,700 of the installments of rent due, he made and delivered to the appellee a bill of sale of the furniture for the consideration of $1,700, which bill was acknowledged and recorded in accordance with Sec. 9, Ch. 68, R. S., Husband and Wife.

The court below, trying the cause without a jury, found in effect, that this bill was upon a *bona fide* sale for adequate consideration, in payment of a precedent debt due to the appellee from her husband. As the only testimony upon that transaction is her own, we can not overturn the

decision of the court upon criticisms upon the want of legal precision in her account of it. And such finding takes out of the case, all consideration of the chattel mortgage law.

That her husband was in debt more than he could pay, did not prevent him from giving a preference to the creditor nearest to him. Under the section cited, no change of possession was necessary; indeed when husband and wife live together, no visible change of possession can be made.

The appellants issued a distress warrant against the appellee and her husband, and she replevied.

In addition to the attack upon the bill of sale, the appellants urge that the lease gave them a lien upon all the property of the husband; which lien would have priority over the bill of sale. Such an attempt to create a lien is a failure. Borden v. Croak, 131 Ill. 63; Felton v. Strong, 37 Ill. App. 58.

The appellee, with her two children, lived with her husband in the hotel; but that was merely an incident of domestic life. The object and purpose of taking the hotel was a business enterprise.

Doubtless, a tailor might work in a room of a dwelling without preventing the rent of such dwelling being a family expense within Illingsworth v. Burley, 33 Ill. App. 394. So might his wife embroider. The main substantial purpose of the tenancy must be looked to, and rent for premises occupied for business enterprises is not a family expense chargeable upon the property of the wife.

The judgment is affirmed.