Rogers & Hall Company, Appellee, v. James H. Walden, Appellant.

Gen. No. 22,887.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN COURTNEY, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 30, 1917. *Certiorari* denied by Supreme Court (making opinion final).

Statement of the Case.

Action by Rogers & Hall Company, a corporation, plaintiff, against James H. Walden, defendant, to recover rent under a lease. From a judgment for plaintiff for $1,497.02, defendant appeals.

CHYTRAUS, HEALY & FROST and JOHN PETER BARNES, for appellant.

WILLIAM J. PRINGLE and EDWIN TERWILLIGER, JR., for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Abstract of the Decision.

1. LANDLORD AND TENANT, § 6*—*what constitutes a lease.* In an action to recover upon a document claimed to be a lease, whereby the defendant agreed to rent certain premises for a stated term and rental and to execute within a reasonable time "the customary form of lease," and the conduct of the parties indicated an intention that the document should be considered as a lease, and the agreement to subsequently execute "the customary form of lease" was waived by mutual consent, and the defendant sublet half of his space to a third party under a written agreement wherein the document in question was referred to as a lease, and both the defendant and his subtenant entered into possession and paid rent for several years, *held* that such agreement constituted a lease.

2. LANDLORD AND TENANT, § 449*—*what is insufficient to constitute surrender of tenancy.* Where, in an action for rent upon a lease, the defendant claimed that it had been dispossessed, and it appeared that after the defendant had vacated, the subtenant remained in possession of part of the premises, *held* that as the possession of the subtenant was in legal contemplation the possession of the defendant, the latter could not make a surrender of the tenancy without yielding up the premises in their entirety.

3. LANDLORD AND TENANT, § 451*—*when reletting of abandoned premises does not constitute termination of lease.* Where, in an action for rent upon a lease, the defendant claimed that the giving of a lease of part of the premises to the defendant's subtenant, after the vacation by the defendant of the part occupied by it, terminated the defendant's liability, and it appeared that such subtenant gave a note to plaintiff for the rent due from it to the defendant as its subtenant, with the understanding that plaintiff would agree to protect the subtenant against the claims of the defendant, and part of the note was paid and applied on the defendant's account, *held* that plaintiff had the right to apply whatever might be collected from the defendant's subtenant on account of the subsequently accruing rental, and that even if the transaction between the plaintiff and such subtenant was a reletting, it did not constitute a surrender by the plaintiff of his lease.

4. LANDLORD AND TENANT, § 301*—*when taking possession of abandoned premises does not relieve tenant from liability for rent.* A landlord may re-enter and again rent the premises abandoned without fault on his part, and credit the lessee with the proceeds, and his so taking possession does not relieve the tenant from the payment of rent.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.