Lawrence Onesti, Appellee, v. Aldo Biagi, Appellant.
Gen. No. 10,113.

Opinion filed March 5, 1947. Re-
leased for publication March 24, 1947.

MORTIMER SINGER and ESTHER C. SINGER, both of
Highland Park, for appellant.

NELLO ORI, of Highwood, for appellee; J. E. BAIR-
STOW, of Waukegan, of counsel.

MR. JUSTICE DOVE delivered the opinion of the court.
This is a forcible detainer suit, originating before a
justice of the peace of Lake county, who rendered
judgment in favor of plaintiff appellee. A like judg-
ment was rendered by the circuit court on appellant's
appeal, after a trial *de novo*, and he has appealed to
this court from the judgment of the circuit court.

The facts are not to dispute. By a written lease dated March 6, 1941, Frank Fortunato leased to appellant two store rooms on the first floor of the premises known as 507–509 Waukegan avenue in Highwood, for the term commencing April 1, 1941, and ending March 31, 1946, to be occupied as a dry cleaning plant, office and "mercantile" only, at a rental of $6,900 for the term, payable in advance in equal monthly instalments of $100 from April 1, 1941 to March 31, 1943, and $125 per month from April 1, 1943 to March 31, 1946.

Appellee acquired the premises on December 19, 1942, and the lease was assigned to him at that time by Fortunato. Thereafter appellant paid the rent to appellee according to the terms of the lease up to about December 1944 when a sublessee, who had been operating a restaurant at No. 509, moved out, and thereafter, appellant continued to occupy No. 507 and paid appellee $90 per month. Appellee testified that through his agent, he notified appellant on November 1, 1945, by letter, that the lease would expire on March 31, 1946, and would not be renewed, and asked appellant to vacate the premises not later than March 31, 1946. Appellant testified that he never received such a letter, and did not know that the lease expired on March 31, 1946. Prior to such expiration date he had started the construction of a dry cleaning plant across the street from the leased premises, intending to move into it, and the same was about completed at the time of the trial in May 1946. Since March 31, 1946, appellant mailed appellee checks for the April and May rent, but appellee did not cash either of them and tendered them back to appellant at the trial. The trial court held that the written lease was in full force and effect and that no notice to quit was necessary.

Section 12 of the Landlord and Tenant Act (Ill. Rev. Stat. 1945, ch. 80, par. 12 [Jones Ill. Stats. Ann.

72.12]), provides: "When the tenancy is for a certain period, and the term expires by the terms of the lease, the tenant is then bound to surrender possession, and no notice to quit or demand of possession is necessary."

Appellant claims that under the facts shown by the record, there was a cancellation of the written lease, and the creation of a new lease by a verbal letting for an indefinite period, requiring personal service upon appellant of a 60 day notice to quit in order to terminate the verbal lease, and that notice by a letter to appellant was not personal service and was therefore insufficient. In *Ryan v. Kirchberg,* 17 Ill. App. 132, cited by appellant, a written lease was terminated by notice, and the parties entered into a new oral lease for one year, and it was held that the new lease governed, and it was enforced. In *Hoag v. Carpenter,* 18 Ill. App. 555, also cited by appellant, a new written lease was entered into between the parties. Neither of these cases applies here. In *Nachbour v. Wiener,* 34 Ill. App. 237, strongly relied upon by appellant, a building was rented by a written lease for $87.50 per month. By a verbal agreement between the parties the landlord extended both stories of the building to the alley, the addition containing a floor space of about two thirds of the floor space covered by the original building, and the rear wall of the old first story was removed, making the whole first story and its addition into one room. By agreement of the parties the rent was increased to $125 per month, which the tenant paid for sometime, and then refused to pay any more than the original rental of $87.50 per month, on the ground that the new verbal agreement was void under the statute of frauds, leaving the original agreement still in effect. It was held that the landlord was entitled to the agreed rent of $125 per month and that "the only arrangement was, in effect, a new leas-

ing upon the basis of the old lease, upon an increased rental in consideration of the improved character of the building.'' One of the principal questions in that case revolved around the statute of frauds. It was further held that the changes made at the tenant's request made it entirely a new and different room from the one they rented, and they had no power or authority, under their lease or otherwise, to destroy the unity or identity of that room afterward. Neither of those situations is present in the case at bar, and it is not applicable here. We know of no case where it has been held that the removal of a tenant's sublease from the leased premises, without being required to do so by the landlord, has any effect on the relations between the landlord and the tenant, or upon the lease between them, unless as provided in the lease. There is no such provision in the lease in this case. Appellee wanted the sublessee to move out, but there is no testimony that he caused or even requested the sublessee to do so. He testified that it was not his fault that the sublessee moved out, and his testimony is not contradicted. The landlord had no contract with the sublessee, and appellant was liable to appellee for the rent of both rooms. The only thing that transpired between appellant and appellee, concerning the leasing, was that after the sublessee moved out, appellant turned the vacated room over to appellee and the rent was reduced from $125 per month to $90 per month for the remainder of the term and appellant continued to occupy the portion of the premises not vacated.

In *Humiston, Keeling & Co. v. Wheeler,* 175 Ill. 514, 516, the court said in the opinion: ''In case of an abandonment without fault of the landlord or as the result of his acts, he may re-enter and again rent the premises and credit the lessee with the proceeds, and his so taking possession does not relieve from the payment of rent,'' citing 12 Am. & Eng.

Encyc. of Law, 751: Wood on Landlord and Tenant, § 477. This doctrine is reaffirmed in *Marshall v. John Grosse Clothing Co.*, 184 Ill. 421.

The rule governing such cases as this is tersely stated in 18 Am. & Eng. Encyc. of Law, 359, as follows: "The surrender of the possession of a part of the demised premises and a proportionate reduction of the rent do not amount to a surrender by operation of law of the old tenancy and the creation of a new. A surrender, to be an end to the lease, should be in entirety." This doctrine is quoted in *Rogers & Hall Co. v. Walden*, 205 Ill. App. 415, which cites the *Humiston, Keeling & Co.* case, and *Marshall v. John Grosse Clothing Co., supra; Burnham v. O'Grady*, 90 Wis. 461; *Cook v. Curry*, 192 Ill. App. 182; and *Ballance v. City of Peoria*, 180 Ill. 29. We are of the opinion that the findings and judgment of the trial court are correct, and the judgment is accordingly affirmed.

*Affirmed.*