Burnham and others vs. O'Grady.

BURNHAM and others, Respondents, vs. O'GRADY, Appellant.

*May 18 — June 20, 1895.*

*Landlord and tenant: Surrender of lease by operation of law.*

There can be no surrender by operation of law of a lease for a term exceeding one year while the tenant retains possession, as tenant, of the leased premises or any material portion thereof.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

Action to recover rent. On the 27th day of January, 1888, one Jonathan L. Burnham (since deceased) leased a building to the defendant for the term of five years from May 1, 1888, at the annual rental of $1,900, payable in equal monthly instalments. The defendant went into possession of the building and paid rent regularly until the 1st day of March, 1892, and used it for a carriage factory and salesroom. Jonathan L. Burnham died testate September 24, 1891. His will was probated October 10, 1891, and the plaintiffs, *John F. Burnham, Clinton Burnham* and *Annie L. Towne,* were duly appointed executors and executrix of the will, and administered the estate, being also sole heirs at law and legatees of the deceased. The estate was closed

by final decree November 7, 1892, and the personal estate, including the rents, if any, due under the lease, was assigned to the plaintiffs. This action was brought to recover the rent for the months of March, April, May, June, and up to the 12th day of July, 1892, which, it is admitted, has never been paid.

The defense was that the lease was surrendered and canceled by mutual consent, March 1, 1892, and the possession of the premises delivered up to and accepted by the plaintiffs at that time. There was some conflict in the evidence as to the facts with regard to the alleged surrender. The defendant's testimony was to the effect that in February, 1892, he talked with the plaintiff *John F. Burnham* about giving up the building, and asked *Burnham* what he would charge to cancel the lease, and *Burnham* told him if he would send a check for the rent to the 1st of March he (*Burnham*) would release him (*O'Grady*), and further told him that he could stay in the office till the building was rented; that he moved his stock of carriages out of the building March 1st, except that he remained in possession of the lower floor, where the office was located and where he kept sample buggies for sale, and had a man there part of the time until the 12th day of July, 1892, when *Burnham* told him he had rented the building, and he moved out entirely and gave up the keys of the building; that he sent the check for rent to March 1st to *John F. Burnham*, about February 20, 1892, and that immediately thereafter one Saveland, *Burnham's* bookkeeper, sent back to defendant the lease with the following unsigned indorsement thereon: " The within lease is canceled by consent of John L. Burnham estate, March 1, 1892;" that about the 1st of March *Burnham* caused " To rent " signs to be put up on the building, and thereafter, and prior to his surrender of the keys on July 12th, a number of persons came to look at the building with a view to renting it.

The circuit judge directed a verdict for the plaintiffs for the rent from March 1st to July 12th, and from judgment thereon the defendant appealed.

For the appellant there was a brief by *Somers, Somers & Dorr*, attorneys, and *Burke, Robinson & Geiger*, of counsel, and oral argument by *F. A. Geiger*. They contended, *inter alia*, that the facts were entirely inconsistent with the continued tenancy of the premises by the defendant, and that there was a valid surrender by the acts of the parties. Wood, Landl. & T. (1st ed.), § 497, p. 840; sec. 2302, R. S.; *Telford v. Frost*, 76 Wis. 174; *Witman v. Watry*, 31 id. 638; *Kneeland v. Schmidt*, 78 id. 345, 11 L. R. A. 498, note; *Hutchins v. Da Costa*, 88 Wis. 371; *O'Donnell v. Brand*, 85 id. 97.

For the respondents there was a brief by *Rogers & Mann*, attorneys, and *Geo. E. Sutherland*, of counsel, and oral argument by *Mr. Sutherland*. They cited, Wood, Landl. & T. (1st ed.), § 497; *Stobie v. Dills*, 62 Ill. 432; *Burroughs v. Clancey*, 53 id. 30; *Bacon v. Brown*, 9 Conn. 339; *Martin v. Stearns*, 52 Iowa, 345; *Kemble, C. & I. Co. v. Scott*, 90 Pa. St. 332; *Nelson v. Thompson*, 23 Minn. 508; *Thomas v. Nelson*, 69 N. Y. 118; *Auer v. Penn*, 99 Pa. St. 370; *Telford v. Frost*, 76 Wis. 172–174; *Kneeland v. Schmidt*, 78 id. 345.

WINSLOW, J. At the time of the alleged surrender of the lease it had still more than a year to run. It could only be surrendered, therefore, "by act or operation of law," or by an instrument in writing "subscribed by the party" surrendering the same. R. S. sec. 2302. It is not claimed that there was any surrender by instrument in writing such as the statute requires, therefore the only question is whether there was a surrender by operation of law. Such a surrender arises where the lessee actually surrenders possession of the premises to the lessor, who accepts the same and takes possession of the premises himself or leases them to an-

other. *Witman v. Watry*, 31 Wis. 638; *Kneeland v. Schmidt*, 78 Wis. 345.   We have been referred to no authority holding that a surrender can be implied by operation of law when the tenant still retains possession, as tenant, of the leased premises or any material portion of the same.   On the other hand, it seems manifest that the first essential and fundamental fact which must be present to constitute a surrender by operation of law from the acts of the parties is the surrender by the tenant of the leased premises.   Without this fact there is no severance of the relation of landlord and tenant, and unless this relation be ended it is certain that the lease cannot be held to be surrendered, because an effective surrender must, of necessity, put an end to that relation.   In the present case the tenant retained the keys of the building and the actual possession of the lower floor until the 12th day of July, therefore it cannot be held that there was a surrender of the lease prior to that time.

*By the Court.*— Judgment affirmed.