LIQUIDATION OF CITIZENS SAVINGS & TRUST COMPANY:
  FLOERSHEIMER and another, Appellants, vs. COUSINS,
  Commissioner of Banking, Respondent.

*May 4—June 1, 1920.*

*Banks and banking: Liquidation by commissioner . of banking:
  Possession of leasehold property: Covenant in lease against.
  assignment: Effect: Liability of commissioner for rent: As-
  signment of lease.*

1. When the state commissioner of banking took possession of
   the property and business of a trust company for liquidation
   under sec. 2022, Stats., he became vested with title to and
   right of possession of the property and assets, including a
   lease of the premises, as liquidating agent for the benefit
   primarily of the company's creditors.
2. The transfer of title from a trust company to the commissioner
   of banking by devolution in liquidation proceedings under
   sec. 2022, and any transfer that the commissioner might make
   of the lease of the bank premises in course of liquidation, did
   not constitute a breach of the covenant in the lease against
   assignment.
3. By taking possession of such property and assets the commis-
   sioner did not thereby accept a burdensome lease of the
   premises occupied by the bank, but merely became liable for
   the rent accruing while he held the premises—a liability which
   he could terminate by assigning the lease and relinquishing
   possession.

APPEAL from a judgment of the circuit court for Mil-
waukee county: A. H. REID, Judge. *Affirmed.*

This action was brought by the appellants,. owners of the
Pereles building in Milwaukee, to charge the commissioner
of banking, who had charge of the liquidation of the Citizens
Savings & Trust Company, with payment of rent for the
full term of the lease held by the trust company when it
went .into liquidation, and to have the rent for such full
term declared an expense of administration and an obliga-
tion of the commissioner, and to have the court direct the

commissioner to retain out of the assets of the Citizens Savings & Trust Company in his hands a sum sufficient to pay this rent.

The petition, which was filed in September, 1918, is based upon the alleged acceptance as an asset by the commissioner of banking of this lease made between Nathan Pereles & Sons and James M. Pereles as lessors and the Citizens Trust Company as lessee, for a term of twenty years from January 1, 1907.

The commissioner of banking assumed title and possession of the assets of the trust company on October 2, 1913, and occupied the leased premises until December 31, 1918. The trust company had installed in these premises bank vaults and about 1,500 safety-deposit boxes, which boxes it had leased to a large number of patrons by continuing leases.  The commissioner of banking collected all rentals of such deposit boxes accruing after October 2, 1913.  During the last half of the year 1918 the commissioner sold the vaults and deposit boxes in parcels.  On December 31, 1918, the commissioner removed all remaining assets, books, and papers of the trust company from the premises and vacated the same.

After the commissioner of banking had taken possession of the premises on October 2, 1913, he for a long time refused to pay any rent, but on March 24, 1915, he was ordered in an action against him to pay all rent that had accrued during his occupancy of the leased premises.  Upon appeal to this court this order was affirmed, and the commissioner paid the rent during his occupancy of the premises according to the terms of the lease.

In the present proceeding the commissioner denies that he ever took possession of the leasehold as an asset of the trust company, and prays, by way of a cross-petition, for an order that he be directed to surrender the leasehold, provided the petitioners would accept such surrender and release the commissioner from liability for rent after Decem-

ber 31, 1918, and, if not, then that the commissioner be directed to quitclaim and assign the lease, and, if necessary, pay a reasonable sum of money to secure an assignee to accept it.

The title to the property in question has been transferred several times, the present owners being the *City Hall Square Company* and *Fannie M. Floersheimer.*

The case was tried by the court. The court found that the commissioner now has, and at all times after taking possession of the premises had, the right to assign and transfer the lease to other parties, and by such assignment to free himself from further liability for rent of these premises. The court further held that the commissioner is not liable for the prayer of the petitioners so far as it seeks to charge him with rent for the full term of the lease, nor can he be required to retain out of the assets of the trust company in his hands a sum sufficient to pay the rent. The court further held that the banking commissioner did not divest himself of the title to the lease by the mere abandonment of the premises and has not relieved himself of responsibility for the rent for the quarters beginning January 1, 1919, and April 1, 1919, amounting to $750 each, and that petitioners are entitled to an order directing payment to the owners of the premises of the amount of such rent.

Judgment was entered in accordance with these findings, and from this judgment appeal is made.

For the appellants there was a brief by *Charles L. Aarons* and *Miller, Mack & Fairchild,* all of Milwaukee, and oral argument by *Mr. Aarons.*

For the respondent there was a brief by *Flanders, Fawsett & Smart,* and oral argument by *Charles E. Monroe,* all of Milwaukee.

SIEBECKER, J.   The lease in question contains a covenant by the lessee "not to assign or underlet said premises or any part thereof or otherwise part with this indenture . . . with-

out the consent thereto in writing of the said lessor . . . , or assigns." When the commissioner of banking took possession of the property and the business of the trust company under sec. 2022, Stats., including the premises embraced in this lease, he became vested with the title and right of possession of such property and assets as liquidating agent for the benefit primarily of the trust company's creditors. *Citizens S. & T. Co. v. Rogers,* 162 Wis. 216, 155 N. W. 155.

The title and interest held by the banking commissioner to the trust company's property and assets is vested in him by the statutes and he held it in trust for the trust company and its creditors. Such interest in the property held by the commissioner is akin to the title and interest vested in assignees or receivers who take and hold property of a debtor in legal proceedings for the benefit of creditors.

It appears that the commissioner took possession of the leased premises and remained in possession during the liquidation proceedings. As such possessor he was held liable for the rent reserved in the lease during his occupancy. *Rogers Case, supra.* The trial court correctly held that the transfer of title from the trust company to the commissioner by devolution in the liquidation proceedings and any transfer that the commissioner may make of the lease in the course of liquidation does not constitute a breach of the covenant in the lease against assignment. "A restriction against transfer is not, as a general rule, regarded as broken by an involuntary alienation or transfer by operation of law." 24 Cyc. 970; 16 Ruling Case Law, p. 834, § 333; *Gazlay v. Williams,* 210 U. S. 41, 28 Sup. Ct. 687.

The *Rogers Case* in effect held that the commissioner's election to take possession of the premises vested him with title to "the leasehold interest" and created a privity of estate between the lessor and the commissioner and made the commissioner liable for the rent while in possession. *U. S. T. Co. v. Wabash W. R. Co.* 150 U. S. 287, 14 Sup. Ct. 86; 16 Ruling Case Law, p. 859, § 361.

The commissioner's possession, under the circumstances, cannot be held to be an acceptance by him of this burdensome lease, but operated to make him liable for the rent accruing while he held the premises, and he could terminate the liability by assigning the term and relinquishing possession.   16 Ruling Case Law, p. 864, § 367; *Patten v. Deshon,* 1 Gray, 325.

The trial court properly held that the commissioner had the legal right to assign the lease and thereby free himself from further liability for rent.   The judgment properly awarded petitioner recovery of the $750, the amount due under the lease for the June and April quarters as specified in the judgment, and properly authorized the commissioner to make an assignment of the lease upon the best terms procurable, and that upon delivery of the premises to such an assignee his liability for the rent reserved in the lease ceased.

*By the Court.*—The judgment is affirmed.