586

STRAUSS, Respondent, vs. TURCK, Appellant.

*December 5, 1928—January 8, 1929.*

For the appellant there were briefs by *C. F. Rouiller*, attorney, and *Thomas A. Byrne,* of counsel, both of Milwaukee, and oral argument by *Mr. Rouiller.*

For the respondent there was a brief by *Churchill, Bennett & Churchill* of Milwaukee, and oral argument by *W. H. Churchill.*

STEVENS, J.  When the defendant surrendered possession of the premises it was the duty of the owner "to use reasonable diligence to let the property at the best obtainable rent, and thereby obviate or reduce the resulting damages." *Roberts v. Watson,* 196 Iowa, 816, 195 N. W. 211, 212–13. See, also, *Robinson Seed & Plant Co. v. Hexter* (Tex. Civ. App.) 167 S. W. 749, 751.  "In any case of a breach of contract the party injured should use reasonable diligence and make all reasonable effort to reduce to a minimum the damages resulting from such breach." *Poposkey v. Munkwitz,* 68 Wis. 322, 331, 32 N. W. 35.

Two witnesses testified that they attempted to rent the premises of the plaintiff and that they were ready, able, and willing to pay the stipulated rent.  There is proof which tends to establish the fact that these witnesses offered to lease the premises from the plaintiff after the time that he had elected to take possession thereof and to rent the same. Under this state of the proof the court should have submitted the case to the jury, as it presented issues of fact which, if decided in favor of the defendant, would have materially reduced his liability under the lease.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.