## SOBEL v. DIATZ et al.
### No. 10681.

United States Court of Appeals,
District of Columbia Circuit.

Argued March 5, 1951.

Decided April 12, 1951.

Stanley H. Kamerow, Washington, D. C., with whom Allan L. Kamerow, Washington, D. C., was on the brief, for appellant.

Howard Vogel, Washington, D. C., for appellees.

Before CLARK, PROCTOR, and FAHY, Circuit Judges.

CLARK, Circuit Judge.

This action was. brought against the appellant and the Washington Technical School, Inc., to recover twenty-six hundred and fifty dollars for the unexpired term under a lease which had been assigned to the appellant. Counsel for the appellant moved for a directed verdict both after the presentation of the appellees' case and at the termination of the entire case. The trial court denied both and submitted the case to the jury which rendered a verdict of twenty-six hundred and fifty dollars in favor of the appellees and against the appellant but not against the Washington Technical School, Inc.

The appellant moved in the Municipal Court for a new trial or in the alternative for judgment *non obstante veredicto*. The Court overruled the motion for a new trial but granted appellant's motion for judg-

ment *non obstante veredicto*. On appeal to the Municipal Court of Appeals the judgment of the Municipal Court was reversed and the verdict of the jury in favor of the appellees was ordered reinstated.

The appellant first contends that the appeal taken by the appellees to the Municipal Court of Appeals from the Municipal Court was taken from a non-appealable order and consequently the Municipal Court of Appeals had no jurisdiction to review the case or to order a reversal of the same. Judge Hood correctly stated the law applicable to this point, and since we do not feel we can add materially to it we adopt his conclusion. "Appellee [appellant here] has moved to dismiss the appeal [from the Municipal Court to the Municipal Court of Appeals] because the notice of appeal states that the appeal is from the order of the 23rd day of November, which order was one denying a motion for rehearing of the motion for judgment. Generally an order denying a motion for rehearing, a motion for a new trial or other like order [as the appellant contends] is not an appealable order. The notice of appeal should have specified the order granting judgment as the order appealed from instead of the order denying the rehearing. However it is obvious that the appeal was intended to be from the order granting judgment and appellee [appellant here] concedes that, because the motion for rehearing extended the time for appealing, the notice was timely filed even as to that order. Under these circumstances we may treat the notice as an appeal from the judgment. Safeway Stores v. Coe, 78 U.S.App.D.C. 19, 136 F.2d 771, 148 A.L.R. 782. Cf. Indemnity Ins. Co. v. Reisley, 2 Cir., 153 F.2d 296, cert. denied 328 U.S. 857 [66 S.Ct. 1349, 90 L.Ed. 1629]. * * *" [73 A.2d 228.]

The appellees next contend that the judgment n. o. v. was not properly granted, and with this position we agree. In McSweeny v. Wilson, 1946, 48 A.2d 469, 470 the Municipal Court of Appeals for the District of Columbia held: "* * * the motion for judgment notwithstanding the verdict 'cannot be granted unless, as matter

of law, the opponent of the movant failed to make a case and, therefore, a verdict in movant's favor should have been directed.' Thus the test to be applied to a motion for judgment n. o. v. is the same as that to a motion for directed verdict."

To the same effect is Nickel v. Scott, Mun.App.D.C. 1948, 59 A.2d 206 which cites Montgomery Ward & Co. v. Duncan, 1940, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147, and McSweeny v. Wilson, supra.

It is apparent that we must determine here whether, viewing the facts in the light most favorable to the appellee, the appellee failed, as a matter of law, to make out a case for himself and whether, therefore, a verdict in the movant's favor should have been directed. Obviously, the trial judge who granted the judgment n. o. v. did not think that the appellant had failed to make out his case, because he denied motions for a directed verdict both after the appellee had presented his case and at the end of the trial.

When we look at the evidence and testimony of this case, we quite agree with the trial judge that a directed verdict should not have been granted, and consequently we feel the judgment n. o. v. should not have been granted. The only element of the appellees' case which the appellant alleges was not proved is that the appellees did not consent to the assignment of the lease, and therefore there existed no privity of contract. Mrs. Diatz who is one of the appellees, and her rental agent, and Junsch, the original lessee, testified that the appellant assumed the lease. Mrs. Diatz, also testified that she gave her consent to the assignment, and the jury before whom the question of both appellees' consent was raised gave the verdict in favor of the appellees. The Municipal Court of Appeals drew the conclusion that it could reasonably be inferred from the testimony of Mrs. Diatz that "she was not only acting for herself but also for her husband when she consented to the assignment." The testimony and evidence for appellees though it may not have been conclusive was certainly enough to go to the jury. The jury's verdict for

the appellees might not have coincided with the verdict the trial judge would have rendered had he been sitting without a jury, but that does not entitle the judge to enter judgment *non obstante veredicto*. Consequently we affirm the judgment of the Municipal Court of Appeals which reinstated the verdict of the jury and reversed the judgment of the Municipal Court.

Affirmed.

FAHY, Circuit Judge (dissenting).

I regret the necessity of dissenting in part from the conclusions reached by the majority. On the question of the jurisdiction of the Municipal Court of Appeals I agree with Judge Clark that the law was correctly stated by Judge Hood for the Municipal Court of Appeals.

But it seems to me that the Municipal Court properly granted judgment *non obstante veredicto* for the appellant, who was defendant, and that the Municipal Court of Appeals accordingly erred in reversing and in directing the entry of judgment for appellees, the original plaintiffs. My disagreement is in regard to the law of the case, not the facts. The evidence was sufficient to support a verdict resting upon the fact of an assignment of the lease to appellant, Sobel, and consent to such assignment by appellees, the lessors. But as a matter of law this did not create an obligation on Sobel to continue to pay rent for the full term of the lease and at the rate therein prescribed, after the lessors resumed possession and re-rented to another, though for a less amount.[1] An assignee is liable by reason of privity of estate between himself and the lessor (Smith v. Pickford, 1936, 66 App.D.C. 206, 210, 85 F.2d 705, 709) and not because of privity of contract. The court below recognized this. Such privity of estate, and consequent liability, continues only so long as the right to possession continues in the assignee. *Ibid.* When the lessor re-enters and rents to another, this privity is at an end, and so is the liability. Lincoln Fireproof Warehouse Co. v. Greusel, 199 Wis. 428, 224 N.W. 98, 227 N.W. 6, 70 A.L.R. 1096. We do not have here privity of contract due to the relationship between landlord and tenant, or otherwise; so that the cases relied upon by the Municipal Court of Appeals, except Tyler Commercial College v. Stapleton, 33 Okl. 305, 125 P. 443, 42 L.R.A., N.S., 162, with which I disagree, are inapplicable.[2]

The agreement to pay $260 per month for two years was not the agreement of appellant and he should not be held liable as if it were. The original lessee defaulted and the new tenant, after Sobel's period of occupancy as assignee, secured the premises for $150 per month. It should not avail appellees to argue in this court that there was a contractual assumption by Sobel of the obligations of the lease. As the court below said, "appellant did not attempt to predicate liability of Sobel upon any agreement between Sobel and themselves, but rather upon the claim that Sobel was assignee of the lease given to Junsch" —one of the original lessees. This was the theory of the complaint and, so far as appears, of the trial. The case made, therefore, was one of privity of estate, not of contract. Therefore the opinion of the court below on rehearing, in relying upon the rule fixing the liability of a tenant for the amount called for by a lease, notwithstanding entry and reletting by the landlord, is misplaced; for in such cases privity of contract exists between the landlord and tenant.

1. I do not dispute that Sobel was liable for the months the premises remained vacant before the lessor and his new tenant took possession. In view of the decision of the majority I do not go into this aspect of the case. My disagreement is with the direction that judgment not only for this amount but for the full difference between the rent reserved in the lease and the amount obtained from the new lessee should be entered against Sobel.

2. The circumstance that appellant would not surrender the key unless he obtained a release of all liability is a *non sequitur*. The fact that he did not succeed in his effort to bargain a release does not fix liability upon him which otherwise is not there.